THE TECLA CORPORATION and Another, Respondents, *v.* SALON TECLA, LTD., Appellant.

First Department, March 2, 1928.

**Trade-marks and trade names — action to restrain use of trade-mark and trade name " Tecla "— parties are not engaged in similar business — no evidence of confusion — injunction denied.**

The plaintiffs are not entitled to an injunction restraining the defendant from using the name " Tecla," which is a trade-mark and trade name owned by the plaintiffs, for it appears that the plaintiffs' business is that of selling jewelry and particularly artificial pearl necklaces while the defendant is engaged in the business of conducting a beauty parlor and that there is no evidence of deception of the public or confusion in the minds of the public, and furthermore the defendant, prior to the commencement of this action, disavowed any intention of unfairly competing with the plaintiffs and stated its willingness to change its sign so as to preclude any possibility of confusion.

At the time the temporary injunction was granted herein the affidavits justified the granting of the injunction, but the evidence on the trial requires that the injunction be vacated.

APPEAL by the defendant from a judgment of the Supreme Court, entered in the office of the clerk of the county of New York on the 26th day of March, 1927.

*Neil P. Cullom* of counsel [*Gregory S. Rivkins* with him on the brief], for the appellant.

*Milton R. Weinberger* of counsel [*William Klein* and *Jerome Weinstein* with him on the brief; *William Klein,* attorney for the respondent Tecla Pearls, Inc.; and *Albert T. Scharps,* attorney for the respondent, The Tecla Corporation].

McAVOY, J. The action was brought to restrain unfair competition by the defendant Salon Tecla, Ltd., in the use of the registered trade-mark and trade name " Tecla " owned by plaintiffs.

The plaintiffs' business name is Tecla. Defendant copied the peculiar and characteristic script in which plaintiffs' name was displayed. The trial court has restrained the defendant from displaying the name " Tecla " in such form as simulates the peculiar signature by which plaintiffs' business is known. The defendant

2

under the order may use the name " Tecla " as part of its corporate name or the name of its financial backer, Tecla Eagle.

Plaintiffs' business, at the time it was started in the year 1906, consisted of selling jewelry and other articles and particularly artificial pearl necklaces. Defendant is engaged in what may be termed the business of selling cosmetics and furnishing services of the nature commonly rendered in what is currently known as a " beauty parlor." It sells no products or wares of the kind which plaintiffs vend.

It is asserted by defendant that the signmaker of defendant, who had been told to use his own discretion with respect to the form of the sign, employed a type of script somewhat resembling that of plaintiffs. There is no evidence, however, of any unfair competition by defendant with any of plaintiffs' business activities. The evidence shows that prior to the commencement of the suit defendant voluntarily disavowed any intention of unfairly competing with plaintiffs and expressed its willingness to so alter the sign that there could be no possibility of confusion.

There was no proof of any sales or of the name of a salesman or employee who had charge of, or anything to do with, plaintiffs' alleged cosmetic business.

We think that on this showing the judgment was unsupported by any evidence of the nature required for an injunction to restrain so-called competition. The injunction order made heretofore in this action temporarily restraining defendant from employing the device used by plaintiffs in their business followed from affidavits which convinced the majority of the court that there was danger of injury to plaintiffs' business in a continuance of such use and the likelihood of damage to its trade in confusion of the two establishments so similarly designated. The proof at the trial dissipates that view and reveals a situation where neither competition of any nature exists nor where there is even remote possibility of damage to plaintiffs or fraud against or confusion of the community.

The judgment should be reversed, with costs, and judgment directed for defendant, with costs. The findings inconsistent with this determination should be reversed and such new findings made of facts proved upon the trial as are necessary to sustain the judgment hereby awarded.

Dowling, P. J., Finch, Martin and O'Malley, JJ., concur.

Judgment reversed, with costs, and judgment directed for defendant, with costs. The findings inconsistent with this determination should be reversed and such new findings made of facts proved upon the trial as are necessary to sustain the judgment hereby awarded. Settle order on notice.