THE TECLA CORPORATION and Another, Respondents, *v.* SALON TECLA, LTD., Appellant.

First Department, May 17, 1929.

*Neil P. Cullom* of counsel [*James E. Freehill* and *Henry W. Steingarten* with him on the brief], for the appellant.

*Milton R. Weinberger* of counsel [*William Klein* and *Albert T. Scharps*, attorneys], for the respondents.

FINCH, J. There are here presented three appeals from as many orders. *First*, defendant appeals from an order denying a motion for a reference to ascertain the damages sustained by it because of a preliminary injunction granted in the action, which injunction was finally dissolved in part and in part sustained.

The plaintiffs obtained a preliminary injunction restraining the defendant, (1) from doing business under the name " Salon Tecla, Ltd.," or any other name of which " Tecla " is a part; (2) from selling or offering for sale any goods, wares and merchandise, not originating from plaintiff, under the name or mark " Tecla; " and (3) from exposing to the public any and all signs, cards and advertising matter, or offering any written or printed matter containing the name " Salon Tecla, Ltd.," or any other name of which " Tecla " forms a part. This preliminary injunction was granted on condition that the plaintiff       and deliver an undertaking providing that the plaintiffs       the defendant so enjoined

such damages not exceeding the sum of $2,500 as the defendant may sustain by reason of the injunction " if the court finally decides that the plaintiff is not entitled thereto." This preliminary injunction was affirmed without opinion by this court, by a three to two decision. (215 App. Div. 706.) After a trial of the action the injunction was limited so as to provide: " That defendant may make use of title Tecla Eagle or Salon Tecla Limited if written or printed or painted the same size type, not script type." The trial court made the following conclusion of law: " 2. That the plaintiff, The Tecla Corporation, was entitled to the preliminary injunction limited as above specified, contained in an order heretofore made by this court in August, 1925." Upon appeal this court reversed the judgment and dismissed the complaint on the merits and reversed the conclusion of law above quoted. (223 App. Div. 17.) Thereafter the Court of Appeals wrote a *per curiam* opinion, as follows (249 N. Y. 157): " The use by the defendant of the peculiar and characteristic script which the plaintiff had long employed for the display of its name is calculated to emphasize unduly the similarity of names and forcibly to suggest to the public identity of origin or management. The judgment of the Appellate Division should be modified to the extent that defendant is enjoined from writing or printing the word ' Tecla ' upon any signs, cards, stationery or advertising matter in the peculiar and characteristic script used by the plaintiff, and as modified affirmed, with costs to the plaintiff in the Appellate Division and in this court. * * * Judgment accordingly."

The remittitur of the Court of Appeals provided " that the judgment of the Appellate Division of the Supreme Court appealed from herein be and the same hereby is modified in accordance with opinion and as modified affirmed, with costs to the plaintiffs in the Appellate Division and in this court." Thereafter a judgment was entered in the Supreme Court upon the remittitur adjudging " that the judgment of the Appellate Division heretofore entered herein is modified to the extent that defendant Salon Tecla, Ltd., is enjoined from printing or painting the word ' Tecla ' upon any signs, cards, stationery, or advertising matter in the peculiar and characteristic script used by the plaintiffs, and as modified, affirmed, with costs to the plaintiffs in the Court of Appeals and the Appellate Division; and it is Further Adjudged that the plaintiffs * * * recover of the defendant * * * the sum of $892.77 costs as taxed by the clerk." The plaintiffs thereupon moved to resettle the remittitur in the Court of Appeals, and said: " In form, however, the determination of the Appellate Division stands affirmed, and in view of the fact that the Appellate Division

dismissed the complaint, it is apparent that unless the remittitur is cured there would be an anomalous situation of an injunction being granted while a dismissal of the complaint is affirmed." This motion to resettle the remittitur was denied. Thereafter the defendant moved for a reference to ascertain the damages sustained by it by reason of the preliminary injunction. This motion was denied, and the defendant appeals.

The defendant bases its right to a reference to ascertain its damages upon two grounds: *First,* it urges that the Court of Appeals affirmed the dismissal of the complaint by this court, and that the complaint standing dismissed, the defendant is entitled to a reference. It is obvious, however, that the effect of the decision of the Court of Appeals is to sustain the complaint in so far as that court granted affirmative relief to the plaintiff, and also to reinstate to that extent the finding of the trial court with respect to the right to the preliminary injunction. In other words, by the decision of the Court of Appeals it has been finally adjudicated that the plaintiff was entitled to the preliminary injunction as to part of the matters enjoined, namely, the use of the peculiar and characteristic script employed by the plaintiff, but that plaintiff was not entitled to enjoin the defendant from using at all the name " Tecla." Unless the plaintiff is accorded affirmative relief to this extent under the complaint, the modification of the Court of Appeals and the reasoned basis therefor goes for naught. The defendant secondly urges that because for an appreciable period of time it was improperly restrained from using at all the name " Tecla," it is entitled to have its damages ascertained therefor, notwithstanding that plaintiff was entitled to a part of the relief granted by the injunction. That a partial dissolution of a preliminary injunction entitles defendant to sue for the damages sustained, represents the majority view among the States of the United States, including New York. This result is in accordance with the equities, since if liability upon the undertaking only accrues upon total dissolution of the injunction, defendant suffers damages without a remedy and a situation arises to prevent which the undertaking was given. In New York the majority view was directly laid down in an early case and apparently has not since been questioned. In *Pierson* v. *Ellis* (46 Hun, 336) the court, by MARTIN, J., said: " The single question presented is, whether there was such a breach of the defendant's undertaking as to entitle the plaintiff to a recovery. * * * He [the defendant] claims that as the court determined that the plaintiff in the injunction action was entitled to an injunction to restrain one of the acts mentioned in the order, there was no breach of the undertaking

given on obtaining it. In other words, the defendant's position is that if his principal had the right to enjoin the plaintiff from performing any one particular act, he might procure an injunction restraining him from performing that and any number of other acts, and still the person signing his undertaking not be liable thereon. We do not think such a position can be sustained. * * * This undertaking described the injunction and recited all the acts which were restrained by the order. The words 'such injunction' clearly referred to the injunction granted, which enjoined all the acts enumerated. The defendant's contract was, should the court finally decide that the plaintiff was not entitled thereto, that is, to the particular injunction described therein, then he would pay the defendant such damages as he should sustain by reason thereof, not to exceed $250.

"In this case the court has finally decided that the plaintiff in that action was not entitled to such an injunction. It is true that the court held that the plaintiff in that action was entitled to an injunction restraining the defendant from performing one of the enumerated acts, but such was not the injunction granted. The injunction granted was to restrain all the acts enumerated, which is quite another order from one restraining a single act. The effect of the defendant's contention would be to require us to construe this undertaking as though it had provided that the plaintiff would pay only in the event that the court should finally decide that the plaintiff was not entitled to any injunction whatever. Such is not a proper construction of the language employed. The language of the undertaking is definite. * * * And when the court finally decided in that case that the plaintiff was not entitled to the injunction granted, but only to an injunction restraining one of the acts enumerated, the defendant became liable on his undertaking."

Also, in 32 Corpus Juris, 451, it is said: " While it has been held that no damages can be recovered in case the injunction has been sustained in part and there was no abuse of the remedy, the weight of authority is that the partial dissolution of an injunction by a final decree is such a breach of the obligation of the bond as to give to the obligee a right of action thereon."

Also, in 40 American Law Reports Annotated, 990, it is said: " The majority of cases passing on the question whether partial dissolution of an injunction breaches the injunction bond hold that a final decree dissolving an injunction in part is a breach of the injunction bond, and renders the sureties liable thereon."

It should be noted that the case at bar is not that of a modification of an injunction where the modification does not substantially

change the relief sought. In such a case no reference may be had because no damages have been suffered. The rule applicable to such a situation is stated in 32 Corpus Juris (at p. 451) as follows: " Nevertheless, a modification of the injunction, if not to such an extent as to involve a decision that plaintiff was not entitled to the injunction substantially as granted, does not entitle defendant to bring an action on a bond conditioned to pay damages if the court shall finally decide that plaintiff was not entitled to the injunction." The relief which plaintiff sought herein and for which it obtained the preliminary injunction was to prevent the use of the name " Tecla " in any manner. As noted, however, the relief which it obtained was only to prevent the use of the name " Tecla " in the form of the peculiar and characteristic script which was used by the plaintiff. It follows that in the case at bar there has been a partial dissolution of the preliminary injunction in a substantial particular, and consequently defendant is entitled to a reference to ascertain the damages which it has suffered.

It follows that the order appealed from denying this relief should be reversed and the motion granted.

The second appeal is from an order granting a motion to strike out the costs which were awarded by this court in favor of the defendant and against the plaintiffs when it reversed the judgment after a trial at Special Term and denied an injunction in any form. Upon the modification by the Court of Appeals permitting an injunction against the use of the name in the peculiar and characteristic script employed by the plaintiff costs were awarded to the plaintiff in the Court of Appeals and in the Appellate Division and judgment for these costs has, as already noted, been entered. The plaintiff maintained in its motion to the Court of Appeals to resettle the remittitur that it was also entitled to the costs at Special Term. The decision of the Court of Appeals, in denying a motion to resettle the remittitur, distinctly, however, held to the contrary. This result was equitable for the reason that the costs as permitted by this court approximately offset the costs as allowed by the Court of Appeals and, since the plaintiff was unsuccessful in preventing the use of the name " Tecla " in any form but did succeed in obtaining approximately one-half the relief which it sought, it was just to allow neither party approximately to obtain costs.

It follows that the motion to strike out the costs from the judgment as entered, following the decision of this court, should not have been granted and the order should be reversed and the motion denied.

The third appeal is from an order denying a motion to vacate

the decree granting the injunction in the modified form allowed in the decision of the Court of Appeals. It follows from what has heretofore been said that in modifying the judgment appealed from by entering the decree granting a permanent injunction against the use of the name "Tecla" in the peculiar and characteristic script used by the plaintiff, no error was committed, and the learned justice at Special Term correctly denied the motion to vacate this judgment as entered, and the order appealed from should be affirmed.

The order denying the motion for a reference to ascertain damages should be reversed, with ten dollars costs and disbursements to appellant, and the motion granted.

The order granting the motion to strike costs from the judgment should be reversed and the motion denied.

The order denying the motion to vacate the judgment should be affirmed, without costs.

DOWLING, P. J., MERRELL, McAVOY and O'MALLEY, JJ., concur.

First order appealed from reversed, with ten dollars costs and disbursements, and motion granted.

Second order reversed and motion denied.

Third order affirmed, without costs.