DINNY & ROBBINS, INC., Plaintiff, *v.* RETAIL SHOE SALESMEN'S UNION, LOCAL 1115-F, R. C. I. P. A., et al., Defendants.

Supreme Court, Special Term, New York County, April 12, 1943.

*Sidney O. Raphael* and *Samuel J. Robbins* for plaintiff.

*Leon Reich* for defendants.

BERNSTEIN, J. This is a motion to vacate the order of January 26, 1943, which modified and confirmed as modified the report of a referee appointed to ascertain the damages sustained by the defendants as the result of the granting of a temporary injunction restraining them from picketing.

The action involved the charge that the defendants were engaged in picketing in front of the plaintiff's store in furtherance of a jurisdictional dispute with the members of another union. On February 13, 1942, the Special Term, holding that the controversy between the parties did not involve a labor dispute, granted the plaintiff a broad injunction restraining *all* picketing *pendente lite* on the condition of its filing a bond in the sum of $1,000. Such bond was duly filed. No appeal was taken from said order, but upon a trial of the action the court modified the injunctive relief sought to the extent of permitting picketing by one man displaying a sign bearing certain specific words. Upon appeal by both parties from that judgment the Appellate Division, holding that the evidence established a labor dispute within the meaning of section 876-a of the Civil Practice Act, and that the statute had not been complied with, reversed the judgment and dismissed the complaint. (264 App. Div. 375.) From that judgment the plaintiff appealed to the Court of Appeals.

After the dismissal of the action by the Appellate Division the defendants applied to this court for an order of reference to ascertain their damages under the injunction order of the Special Term, and the application was granted on September 25, 1942, upon the plaintiff's default. Hearings, in which the plaintiff participated, were had before the referee, and he duly reported thereon. Upon the application by the defendants to confirm the referee's report the plaintiff appeared to oppose but, after the modification of the referee's finding as to dam-

ages, it duly consented to the order of confirmation now sought to be vacated.

On March 4, 1943, the Court of Appeals, by a closely divided vote, reversed the Appellate Division and affirmed the Trial Term upon the ground that the controversy did not involve a labor dispute. (*Dinny & Robbins, Inc.*, v. *Davis*, 290 N. Y. 101; 290 N. Y. 745.) Notwithstanding that its appeal from the judgment of the lower court was taken *from so much of the judgment as permitted the defendants to picket,* the plaintiff now appears to regard the decision of our highest court as a complete victory sustaining its right to the injunctive relief granted to it by the Special Term on February 13, 1942, and as warranting the vacatur of the order assessing damages. The effect of the decision is quite the reverse.

The majority opinion not only emphasizes the fact that the judgment of the trial court permitted picketing other than with false or misleading signs, but points out that, except for its holding that the case involved a labor dispute, the findings of the Appellate Division " were in all essential particulars the same as those found by the trial court." The affirmance by the Court of Appeals of a judgment permitting limited picketing was thus in effect a holding that to the extent, at least, to which the defendants had a limited right to picket, the plaintiff was not entitled to the order enjoining *all* picketing. Under that order picketing by one man bearing an accurate sign was restrained to the same extent as picketing by a multitude bearing misleading signs. The effect of the judgment, as now finally sustained, is that the Special Term had no right to restrain the former.

A dissolution of an injunction in part does not avoid liability under the bond. (*Pierson* v. *Ells*, 46 Hun 336; *Tecla Corp.* v. *Salon Tecla, Ltd.*, 226 App. Div. 168; Notes, 40 A. L. R. 990; 32 C. J., Injunctions, § 775.) The obligation of the bond is that the surety will pay to the defendants enjoined such damages as they may sustain by reason of the injunction if the court finally decides that the plaintiff was not entitled thereto. The court, here, having decided that the plaintiff was not entitled to all the injunctive relief awarded it, the defendants may lay claim to the damages they sustained in procuring the partial dissolution of the injunction and to have such damages assessed.

The motion is denied.