In the Matter of the Estate of KASMIR AGACIEWSKI, Deceased. EDMUND JAGACIEWSKI, as Executor of KASMIR AGACIEWSKI, Deceased, Appellant; GILBERT MARRIOTT, Respondent.— Decree affirmed, with costs. All concur. (Appeal from a decree dismissing the claim of the executor in a discovery proceeding.) Present — McCurn, P. J., Vaughan, Kimball, Wheeler and Van Duser, JJ.

ERIE COUNTY BOARD OF SOCIAL WELFARE, ROY R. NEWCOMB, as Commissioner, on Complaint of LORRAINE ZGLINICKI, Respondent, v. STANLEY ORYSZAK, Appellant.— Judgment affirmed, without costs of this appeal to either party. All concur. (Appeal from a judgment for complainant in a filiation proceeding.) Present — McCurn, P. J., Vaughan, Kimball, Wheeler and Van Duser, JJ.

DOROTHY BARRELL et al., Appellants, v. LAMMERTS, INC., et al., Respondents. — Judgment insofar as it is in favor of plaintiff Dorothy Barrell affirmed, without costs; judgment insofar as it is in favor of plaintiff Rollin W. Barrell reversed on the facts and a new trial granted, with costs to abide the event on the ground the verdict of the jury on the question of damages is against the weight of evidence. Appeal from order dismissed as academic. All concur. (Appeal from a judgment for plaintiffs in an automobile negligence action. The order denied a motion for a new trial.) Present — McCurn, P. J., Vaughan, Kimball, Wheeler and Van Duser, JJ.

CHIC MAID HAT MANUFACTURING CO., INC., Respondent, v. LEON KORBA, Individually and as President of Local 111, United Hatters, Cap and Millinery Workers International Union, A. F. of L., et al., Appellants.— Judgment reversed on the law and a new trial granted, with costs to the appellants to abide the event. Memorandum: We reach the conclusion that all facts relevant to the character of the picketing and the purposes thereof should have been permitted to be shown upon the trial, and that the court erred in excluding evidence offered by the defendant union showing or tending to show that at the inception of the strike it represented a majority of plaintiff's employees. In an equity case of this character where injunctive relief is sought, the parties' rights must be determined as of the time of the trial and not as of some other time. At that time the alleged unlawful purpose picketing had been abandoned and the union sought the right to picket only for organizational purposes. "Equity will mould its relief in accordance with the conditions existing at the trial." (*Dickinson* v. *Springer*, 246 N. Y. 203, 210; see, also, 43 C. J. S., Injunctions, p. 460.) It is difficult to see how, in the face of the union's disclaimer of present representation of respondent's employees, we can justify the action of the trial court in refusing to permit the character of the picketing sought to be now conducted to be shown. All concur. (Appeal from a judgment restraining defendants from certain acts of picketing of plaintiff's factory.) Present — McCurn, P. J., Vaughan, Kimball, Wheeler and Van Duser, JJ.