John E. Cone, J.
Plaintiff moves for an injunction pendente lite enjoining the defendants from picketing its place of business, from interfering with the performance by plaintiff of its contract with the defendant, Local 707, and from interfering directly or indirectly in the performance of its business. Defendant, Local 810, cross-moves to dismiss the complaint on the ground that it fails to state facts sufficient to constitute a-cause of action.
The facts briefly reveal that the plaintiff on January 6, 1955, entered into a contract with the defendant, Local 707, under which the latter was made the exclusive representative of plaintiff’s employees for collective bargaining. The agreement was to continue for a period of two years and was to be renewed automatically from year to year thereafter unless either party gave the other 60 days’ written notice before its expiration of their intention to terminate the contract. The agreement further contained an anti-strike and lock-out provision. As no notice to terminate was served, the contract renewed itself for another year. On January 28, 1957, plaintiff was approached by a representative of the defendant, Local 810, after the defendants had pulled out plaintiff’s five employees, and informed the plaintiff that the defendant represented all of its employees and requested plaintiff to negotiate with it as the exclusive representative for collective bargaining of *769 plaintiff’s employees, which plaintiff refused to accede to because of the existence of its contract with Local 707. It is undisputed that the petition filed by Local 810 with the National Labor Relations Board for certification that it represented all the employees was dismissed and that no application was ever filed with the State Labor Relations Board. Defendant, Local 810, then picketed the place of plaintiff’s business. The strike is directed not only against the plaintiff, but also against an integrated or affiliate company, Gem Plastics Company, as the picket signs state that ‘ Gem ” is on strike. The defendant categorically states, and it is not denied, that this company does not have a contract with any union.
The only question presented is whether a labor dispute is involved within the purview of section 876-a of the Civil Practice Act. Where a formal collective bargaining contract has been entered into, as in the instant case, with Local 707, there is a presumption of legality until and unless it is established to the contrary in a proper proceeding (Matter of Levinsohn Corp. [Joint Bd. of Cloak, Suit, Skirt & Reefer Makers’ Union], 299 N. Y. 454; Dinny & Robbins v. Davis, 290 N. Y. 101). While it may be true that the terms of the existing contract are not as beneficial to plaintiff’s employees as the terms of other contracts that the defendant union has obtained for its members, plaintiff’s employees, if dissatisfied with their present union representation, have the right at the appropriate time by legal means to substitute such representatives; but while such contract remains in effect, they have no right to breach it and the defendant, Local Union 810, has no right to induce or aid in its breach (Rayex Corp. v. Sanchez, N. Y. L. J., Dec. 12, 1956, p. 13, col. 1; Stewart Stamping Corp. v. Uprichard, 284 App. Div. 902). The act does not compel courts of equity to force the breach of a valid contract between an employer and its employees when made as a result of collective bargaining and suffer suits for damages for its breach (Dinny & Robbins v. Davis, supra; Stern-Fair Corp. v. Moving Picture Operators Union, 139 N. Y. S. 2d 145; Fay Loevin Apparel Shop v. Harlem Labor Union, 92 N. Y. S. 2d 776; Euclid Candy Co. v. Scida, 99 N. Y. S. 2d 817).
Accordingly, plaintiff’s motion is granted to the extent of restraining the defendant union, Local 810 and others, from picketing plaintiff’s place of business with signs conveying the impression that such employees are on strike; that plaintiff refuses to hire union labor, or from interfering with the performance by plaintiff of its contract with Local 707. The granting of this motion, however, does not apply to the picketing *770 of the affiliate company. Plaintiff shall submit the necessary bond and the case is set down for trial on April 12, at Special Term, Part III, of this court, subject to the approval of the justice presiding at that time. Cross motion to dismiss the complaint is denied.