Marcus G-. Christ, J.
This is a motion for a temporary injunction to restrain Building Service Employees International Union A. F. of L. Local 32E (hereinafter called “ Local 32E ”) from picketing two partially constructed apartment houses owned by the plaintiff and located in the Borough of The Bronx.
The plaintiff is constructing two apartment houses at 600 and 630 West 246th Street, in the Borough of The Bronx. The buildings are about 75% completed and are expected to be ready for occupancy in the Summer of 1959. Up to the present time the plaintiff has hired only one building service employee. He is Malcolm J. MacLeod who has been employed to be superin *968 tendent when the buildings are completed. Mr. MacLeod is and has been for more than 10 years, a member of Stationary Engineers, Firemen, Maintenance and Building Service Employees Union, Local 670 CIO (hereinafter called “ Local 670 ”).
After plaintiff hired MacLeod, Local 670 on or about April 20, 1959 filed with the New York State Labor Relations Board (hereinafter called the “ Labor Board ”) a petition requesting certification as the collective bargaining representative for the superintendent of plaintiff’s buildings. On April 22, 1959 the Labor Board scheduled a conference of all interested parties to be held on April 29, 1959.
Local 32E began picketing plaintiff’s premises on April 22, 1959. The pickets carried placards bearing the following legend: “ On strike. Help us to gain better conditions in the building service industry. For your own safety don’t let strikebreakers serve you. Building Service Employees International Union Local 32E affiliated with the A. F. L.-C. I. O. Headquarters 460 Grand Concourse, Mott Haven 5-2100, 11 W. Prospect Avenue, Mount Vernon, N. Y. MO 8-9679.”
On April 27,1959 the plaintiff obtained an order to show cause bringing on this motion for a temporary injunction which was made returnable on April 30, 1959. The conference before the Labor Board took place on April 29, 1959 and was attended by representatives of the plaintiff and Local 670. The superintendent, MacLeod, was also present as were representatives of Local 32E. This conference resulted in the plaintiff and Local 670 signing, under the supervision of the Labor Board, a “ recognition agreement.” By the terms of the recognition agreement the plaintiff and Local 670 agreed that the classification of “ building service employee (superintendent), employed by Briar Hill Apartments, Inc., to service the apartment-houses at 600 and 630 West 246th Street, Riverdale, N. Y.” constituted a unit appropriate for the purposes of collective bargaining with respect to rates of pay, wages, hours, or other conditions of employment. In addition, the plaintiff agreed that Local 670 had been designated or selected by its sole employee for the purposes of collective bargaining and by reason thereof was the exclusive representative of such employee. The plaintiff further agreed that it recognized and would bargain collectively with Local 670 as such exclusive representative for purposes of collective bargaining with such employee. The agreement also provided for the withdrawal, without prejudice, by Local 670 of the petition which it previously filed with the Labor Board on April 20,1959.
*969 Following the execution of the afore-mentioned recognition agreement, Local 670 demanded that plaintiff immediately enter into a formal contract covering the employee MacLeod as superintendent or such employee would be called out on strike and the buildings picketed. The plaintiff and Local 670 thereupon signed such a formal contract.
Thus as of April 29, 1959 there was an existing collective bargaining contract between the plaintiff and Local 670, the recognized collective bargaining agent of plaintiff’s sole employee, the superintendent MacLeod. Equitable relief is to be moulded in the light of conditions prevailing at the time it is granted (Chic Maid Hat Mfg. Co. v. Korba, 285 App. Div. 850). The collective bargaining contract which has been executed covering the classification of superintendent is presumptively legal and valid (Matter of Levinsohn Corp. [Cloak, etc., Union], 299 N. Y. 454, 463). As long as that contract is in force and effect the parties have no right to breach it and a rival union has no right to induce its breach. Picketing by a rival union with the purpose of inducing the plaintiff, by the exertion of economic coercion, to breach its contract with Local 670 is unlawful and outside the protection of section 876-a of the Civil Practice Act (Stern-Fair Corp. v. Moving Picture Operators Union, 139 N. Y. S. 2d 145). There exists no “ labor dispute ” within the meaning of section 876-a of the Civil Practice Act as to the plaintiff’s sole employee and the picketing, as conducted by Local 32E has been unlawful. The placards canned by the pickets were false and misleading to the public, in general, and to persons affiliated with labor unions in particular. These placards conveyed the false impression that a strike was in progress at the plaintiff’s buildings; that the strikers were building service employees of the plaintiff; that such striking building service employees were members of Local 32E; and that the plaintiff during the existence of the strike was using strike breakers. These false impressions were calculated to deceive members of other unions and thereby induce them not to cross the picket line established by Local 32E. From this flowed the economic coercion upon the plaintiff aimed at inducing a breach of plaintiff’s contract with Local 670 and the recognition of Local 32E. Such unlawful activity can and will be enjoined.
However, there is a limited area within which Local 32E may lawfully carry on picketing. The decisions of our courts do permit picketing by a union for organizational purposes provided it is peaceful and truthful. The photographs of the pickets *970 and the placards they carried corroborate plaintiff’s original claim that such placards carried a false and misleading legend. Local 32E has not denied the use of such placards and has merely sought to excuse their use by suggesting that an ‘1 error ” may have been made in the haste which attended setting up the picket line. The business representative of Local 32E, Robert A biers, states in his affidavit opposing this motion that it “is not intended to mislead anyone ” and the signs carried by pickets of Local 32E ‘ ‘ will henceforth indicate that the picketing will be for organizational purposes, and shall be directed against the superintendent of the building, while he alone is the sole employee.”
In order that picketing may be conducted for the limited organizational goal which Local 32E claims it seeks and under conditions both peaceful and free from false or misleading representation, it is necessary that the court indicate what shall henceforth be forbidden and what shall be permitted. (Dinny & Robbins v. Davis, 290 N. Y. 101; James Knitting Mills v. Doe, 154 N. Y. S. 2d 490; Mighty Knitting Mills v. Sinensky, 12 Misc 2d 657.)
A temporary injunction is therefore granted restraining Local 32E from picketing the plaintiff’s premises with signs conveying the impression that any employee of the plaintiff is on strike; or that the plaintiff has in its employ any nonunion employee; or that the plaintiff has in its employ any employee who has been employed in place of a union employee, out on strike; or that the plaintiff now is or ever was the employer of members of Local 32E; or that the plaintiff is unfair to union labor or to Local 32E or to its members; or that a labor dispute exists between plaintiff and any employee or employees of the plaintiff; or that a labor dispute exists between the plaintiff and Local 32E. The temporary injunction will also restrain Local 32E from conveying the same misleading information and impressions by word of mouth or by any other means. Picketing will be permitted by not more than two pickets only for the purpose of informing the public by means of signs or placards that there is no strike in progress at plaintiff’s premises; that Local 32E is not engaged in any labor dispute with the plaintiff; that the plaintiff has a collective bargaining contract with Local 670; that plaintiff’s only present employee is its superintendent who is a member of Local 670 and whose employment is covered by such collective bargaining contract made by the plaintiff with his collective bargaining representative, Local 670 ; and that the picketing is for the sole purpose of persuading such superin *971 tendent to relinquish membership in Local 670 and to become a member of Local 32E.
The cross motion of the defendant Local 32E to dismiss, the plaintiff’s complaint pursuant to subdivision 4 of rule 106 of the Rules of Civil Practice is in all respects denied. The motion of the plaintiff for leave to serve a supplemental complaint in addition to the original complaint and in the form annexed to the moving papers on such motion is granted and the plaintiff will serve such supplemental complaint within 10 days after the entry of an order hereunder.
Settle on notice one order embracing the disposition of all motions considered in the foregoing memorandum and providing for an undertaking to be furnished by the plaintiff in the sum of $1,000.