George Tilzer, J.
Motion by the plaintiff for an injunction pendente lite. Upon the hearing, at which the defendant was present and represented by an attorney, the plaintiff moved to further amend the complaint to include allegations that named individuals were the president and treasurer of the defendant association and that the acts therein asserted against the defendant were authorized and approved by the members of the unincorporated association.
The motion to amend the complaint as aforesaid is granted. This court, having jurisdiction of the action, has jurisdiction of any motions pertaining thereto. A motion may be made at any time during the history of an action from its inception to the trial and thereafter, and to any branch of the court at which provision is made for the hearing of such motion and to any Judge qualified to hear the same. The granting of permission to amend a pleading, moreover, lies in the discretion of the court. Such discretion will be liberally exercised in the furtherance of justice.
The plaintiff but recently opened a retail coffee and doughnut shop and hired six employees. Shortly thereafter, plaintiff was approached by the Harlem Labor Union, which stated to her that plaintiff’s employees were members of Harlem Labor *89 Union. Such fact was confirmed by the plaintiff, who thereupon, on February 20, 1961, consummated a contract with Harlem Labor Union. The defendant, an unincorporated association, not affiliated with the CIO or the AFL, then appeared on the scene and demanded that plaintiff recognize it as the bargaining agent for plaintiff’s employees. Although the defendant was informed of the existing contract with Harlem Labor Union, it nevertheless surrounded plaintiff’s place of business with a line of pickets who by their conduct and their speech sought to convey to plaintiff’s customers that plaintiff is unfair to organized labor. In an endeavor to adjust her differences with the defendant, plaintiff sought the assistance of the New York State Board of Mediation, which arranged a mediation for February 28, 1961. Although plaintiff and the Harlem Labor Union appeared at the board office, the defendant did not. During the last few days the defendant’s pickets have become boisterous and truculent, necessitating that the police be called to plaintiff’s store.
The court concludes that the case is not one involving or growing out of a labor dispute. Section 876-a of the Civil Practice Act 1 c was not designed as an instrument to promote and protect strife between rival labor groups or to injure or destroy the good will and business of innocent employers against whom there was no complaint concerning wages or working conditions solely because they refused to take sides with one group as against the other. There is nothing in the act to bar a court of equity from restraining irreparable injury to property and business of an innocent employer against a build-up of an alleged ‘ labor dispute ’ such as is indicated in this case. The act does not compel courts of equity to force the breach of a valid contract between an employer and its employees satisfactorily covering wages and working conditions of such employees when made as a result of collective bargaining (Florsheim Shoe Store Co. v. Retail Shoe Salesmen’s Union, 288 N. Y. 188) and to suffer suits for damages for its breach. On the contrary, the Legislature provided in the State Labor Belations Act a due and an orderly process for settling such jurisdictional disputes (Labor Law, art. 20).” (Dinny & Robbins v. Davis, 290 N. Y. 101, 106.) The motion for a temporary injunction is granted upon the filing of a bond in the sum of $1,000.