EMPRESA LINEAS MARITIMAS ARGENTINAS, Appellant, *v*. SINDICATO OBREROS MARITIMOS UNIDOS et al., Respondents.

First Department, July 10, 1962.

52

*Breck P. McAllister* of counsel (*James H. Herbert, James F. Cosgrove, Robert S. Ogden, Jr., Peter W. Mitchell,* and *Donovan Leisure Newton & Irvine* with him on the brief; *Kirlin, Campbell & Keating,* attorneys), for appellant.

*Seymour M. Waldman* of counsel (*Louis Waldman* and *Martin Markson* with him on the brief; *Waldman & Waldman,* attorneys), for International Longshoremen's Association and others, respondents.

*Richard P. Long* of counsel (*Ernest L. Garb* with him on the brief; *Wikler, Gottlieb, Stewart & Long,* attorneys), for International Division of the Maritime Trades Department AFL-CIO, respondent.

*H. Howard Ostrin* of counsel (*Herman E. Cooper, Eugene N. Sosnoff* and *Robert H. Sand* with him on the brief; *Cooper, Ostrin, De Varco & Ackerman,* attorneys), for Sindicato Obreros Maritimos Unidos and others, respondents.

Steuer, J. Plaintiff is an Argentine corporation, wholly owned by the Republic of Argentina. It owns and operates several vessels. It has no office for the conduct of business in the United States and its sole connection with this country is that from time to time its vessels stop at American ports where these vessels take on and discharge cargo and passengers. As far as appears, none of its seamen are American citizens, and the great majority of them are Argentine nationals. These seamen are members of the defendant labor union Sindicato Obreros Maritimos Unidos (herein SOMU). In November, 1961 one of the plaintiff's vessels, the *Rio Tunuyan,* was in the port of Santos, Brazil. An altercation arose between a seaman and the officers of the vessel regarding provisions of the contract between plaintiff and SOMU. The other seamen joined their colleague, and what appears to be a mutiny followed. The vessel returned to Argentina, and, following the report of plaintiff's officials to the Argentine Government, the certificate of the protesting seaman was revoked and those of the rest of the crew suspended pending an investigation. A new crew was hired. When the vessel stopped at New York in February, 1962, SOMU picketed the pier. Another picket line was established by International Division of the Maritime Trades Department (ID-MTD), an organization composed of a number of unions in the maritime trades. Members of the International Longshoremen's Association (ILA) honored these picket lines, with the result that the

vessel could not be unloaded. Plaintiff sought a temporary injunction. Special Term denied the relief and dismissed the complaint. The immediate result was that the vessel sailed away, and the picketing, perforce, ceased.

The question has been raised whether this renders the action moot. By means of picketing defendants could succeed in preventing the vessel from unloading cargo and possibly passengers and force the vessel through practical necessity to depart before an authoritative adjudication of the rights of the parties could be had. Regardless of the number of recurring instances, each would be subject to the claim that the departure of the vessel rendered an adjudication moot. We do not believe that an attempt to define the situation between the parties can thus be made abortive. In the regular course it is expected that this and other vessels of plaintiff will put in at New York. While the period of any one call may not allow a complete adjudication of the rights of the parties, this should not operate to prevent such an adjudication where it is probable that the question will arise again in respect to similar, recurring situations.

The ground for Special Term's determination was that the Labor Management Relations Act had pre-empted the field and that State courts had, consequently, no jurisdiction. Upon this appeal respondents, while not conceding this point, have placed little, if any, reliance on it. We believe this attitude to be correct.

In reaching its conclusion Special Term relied on *Incres S. S. Co.* v. *International Mar. Workers Union* (10 N Y 2d 218). There the court decided that the test is whether the dispute is arguably subject to the jurisdiction of the National Labor Relations Board (*San Diego Unions* v. *Garmon*, 359 U. S. 236). If it be arguable that the NLRB would take jurisdiction, State courts must yield (*Garner* v. *Teamsters Union*, 346 U. S. 485). The Court of Appeals concluded that it was arguable that the board would take jurisdiction, relying on various decisions of the board indicating its willingness to entertain complaints where it believed the commerce involved was essentially American. The rule of *Benz* v. *Compania Naviera Hidalgo, S. A.* (353 U. S. 138) to the effect that the NLRB lacked jurisdiction over the crews of vessels flying foreign flags did not extend to instances where there were sufficient factors to indicate an American operation despite the foreign flag and ostensible foreign ownership. The court relied on various determinations of the NLRB assuming jurisdiction where, *inter alia*, voyages regularly were initiated or concluded at United States ports, where the maritime business was conducted or vessels serviced

here. There are two reasons why this determination is not applicable here. Firstly, the facts are different. The plaintiff is a bona fide foreign corporation. It does no business here in the sense of booking cargoes or passengers. Its vessels are neither provisioned nor dry-docked here. The flag is not one of convenience but the actual flag to which the owner owes allegiance. The crews are nationals of the country of the vessel's registry. All of these facts negate the concept of an American operation. But even if it were suggested that nevertheless it was "arguable" that the NLRB would take jurisdiction, the definitive answer is that it may not (*Empresa Hondurena de Vapores S. A.* v. *McLeod,* 300 F. 2d 222; *Sociedad Nacional de Marineros de Honduras* v. *McCulloch,* 201 F. Supp. 82). In the cited cases, the board attempted to assert jurisdiction over a dispute between a labor union and the owners of a Honduran vessel which had no connection with the United States except that it put in at American ports. The board claimed jurisdiction on the ground that the owning corporation was a wholly owned subsidiary of an American corporation. The courts held that this fact did not convert a foreign operation into a local one, and that consequently the board could not act in regard to it. A fortiori, in a situation such as the one at bar, where even the asserted ground is absent, the board may not take jurisdiction. It follows that the field being open there is no restriction against the State courts taking jurisdiction.

Defendant SOMU argues that nevertheless no injunction may issue because of the restriction of section 876-a of the Civil Practice Act. While the section would ordinarily be operative (*Marine Cooks* v. *Panama S. S. Co.,* 362 U. S. 365), it would not be here because the application of the section is limited to such disputes as have a lawful purpose (*Goodwins, Inc.* v. *Hagedorn,* 303 N. Y. 300; *Dinny & Robbins* v. *Davis,* 290 N. Y. 101). In this connection, SOMU's purpose as expressed by the signs carried by the pickets was to restore the discharged crew at a time when the governmental authorities prevented their employment at sea. Picketing for this purpose is tortious and may be enjoined. ID-MTD's claimed purpose was to maintain the American standard of working conditions by way of protest against so-called substandard conditions imposed on foreign seamen, and the affidavits do raise an issue on this question.

However, while the purpose is legal the means adopted are not. It is clear that inducing a strike or other action that is disruptive of the internal management of a foreign vessel away from its home port is forbidden (*Southern S. S. Co.* v. *Labor Bd.,* 316 U. S. 31). The rule has its origin in the necessities

of maritime management. When a vessel is at sea or in the course of its voyage it is essential that the crew be subject to the command of the ship's officers and no interference can be countenanced. Here the picketing, if successful, would inevitably arouse disaffection in the vessel's crew and an adverse effect on its internal management would be inevitable.

It would follow that as against these defendants the complaint states a cause of action and a temporary injunction should issue. It is not denied that the individual defendants authorized and participated in the picketing and the injunction should issue against them also.

As to defendant ILA, it merely honored the picket lines of the other two defendants. There is no reason to believe that absent such picket lines it would have taken any affirmative action or that its members would have refused to participate in servicing the ship. With the picket lines enjoined, there is no need indicated for temporary relief against this defendant.

The order should be modified and the judgment reversed, upon the law and the facts, by vacating the dismissal of the complaint as regards all defendants and granting an injunction *pendente lite* against all defendants except International Longshoremen's Association (Ind.) and in all other respects affirmed with a single bill of costs to plaintiff-appellant against defendants Sindicato Obreros Maritimos Unidos and International Division of the Maritime Trades Department AFL-CIO.

RABIN, J. (dissenting). I dissent and vote to affirm. I appreciate that there are factual distinctions between this case and the *Incres* case (*Incres S. S. Co.* v. *International Mar. Workers Union,* 10 N Y 2d 218, cert. granted 368 U. S. 924) and it may very well be that the facts in this case are closer to those in the *Benz* case (*Benz* v. *Compania Naviera Hidalgo, S. A.,* 353 U. S. 138). I believe, however, that there is still presented an arguable question as to whether the National Labor Relations Board has jurisdiction over the matter. If that be so the New York courts have no jurisdiction (*San Diego Unions* v. *Garmon,* 359 U. S. 236).

VALENTE, J. (dissenting). One of the issues presented in this appeal is whether our courts must defer to the " exclusive competence " of the National Labor Relations Board because the activity sought to be enjoined by a temporary injunction is " arguably " subject to the board (*San Diego Unions* v. *Garmon,* 359 U. S. 236). One Justice of this court is of the opinion that, in consequence, we have no jurisdiction. Since the problem of the issuance of an injunction *pendente lite* has become moot, I

do not think we should reach to pass on that question. The picketing of the vessel involved was halted by a temporary stay which was subsequently dissolved by the denial of the motion for a temporary injunction. But in the interim period, the vessel sailed away, and there is no contention that the steamship line or any of its ships that have since arrived has been picketed.

The majority of the court would nevertheless pass upon the thorny problem of pre-emption upon the theory that other vessels of plaintiff may put in at New York and the question may " arise again in respect to similar, recurring situations ". The simple answer to that contention is that should such a possibility ensue in the future there will be ample opportunity for plaintiff to seek immediate relief and then to raise the questions sought to be adjudicated herein.

But questions of such delicacy as are posed by the instant suit should not be adjudicated merely because parties are eager for a decision by an appellate court at the earliest possible moment. For, apart from the problem of jurisdiction, there is also involved the additional question of the rights of unions to protect industrial standards they have established by protesting against claimed sub-standard conditions imposed on foreign seamen.

Under all the circumstances, since it is no longer indispensably necessary to pass on the questions presented in this appeal, I would consider the case moot. Accordingly, I dissent and would dismiss the appeal.

STEVENS and EAGER, JJ., concur with STEUER, J.; RABIN, J. P., and VALENTE, J., dissent in separate opinions.

Order modified and judgment reversed, upon the law and the facts, by vacating the dismissal of the complaint as regards all defendants and granting an injunction *pendente lite* against all defendants except International Longshoremen's Association (Ind.) and in all other respects affirmed with a single bill of costs of plaintiff-appellant against defendants Sindicato Obreros Maritimos Unidos and International Division of the Maritime Trades Department AFL-CIO.