GENERAL TELERADIO, INC., et al., Plaintiffs, *v.* AL MANUTI, as President of Associated Musicians of Greater New York, Local 802, American Federation of Musicians of United States and Canada, et al., Defendants.

Supreme Court, Special Term, New York County, March 11, 1954.

CROSS MOTION by defendants to dismiss complaint.

*Emanuel Dannett* and *Wilfred Feinberg* for plaintiffs.

*David I. Ashe* for defendants.

HAMMER, J. Motion for injunctive relief *pendente lite* is denied. The stay contained in the order to show cause is vacated; the complaint is dismissed and the clerk is directed to enter judgment accordingly, without costs.

Involved in this cause is the constantly recurring dispute regarding the use of " canned " music as distinguished from " live " music. Plaintiffs employed under a contract, which has expired, certain of defendant local's members. At or about the time of the termination of this agreement the parties entered into negotiations which proved fruitless. Defendants were thereupon notified that there could be no collective bargaining agreement and that the employment of those musicians no longer needed would be terminated.

Defendants thereupon set up pickets claiming a lockout and began a distribution of circulars setting forth their version of what had happened regarding the employment by plaintiffs of members of the defendant local union. Plaintiffs instituted this action and obtained a temporary stay on an order to show cause restraining the pickets. The relief sought is permanent restraint of picketing, issuance of pamphlets and similar manifestations of activity on the part of union members.

The gravamen of plaintiffs' cause is set forth in paragraph '' EIGHTEENTH '' of their complaint in which it is alleged that no labor dispute exists and that the actions of defendants are carried on '' for an unlawful labor objective and solely for the purpose of compelling plaintiffs to employ, in connection with their broadcast business, musicians in excess of the number needed by plaintiffs to perform actual services in connection with their broadcasting business and to compel plaintiffs to discontinue the use of recorded or transcribed music.''

Early in their argument plaintiffs realized what I believe to be the basic issue: whether or not the activities of defendants, which it is sought to restrain, are within the jurisdiction of the State court. Plaintiffs contend that the actions of defendants come within the prohibition of the Lea Act (U. S. Code, tit. 47, § 506) and that is evidence of the illegality of defendants' conduct. Ably advanced is the theory that such illegality brings plaintiffs within the rules enunciated in *Opera On Tour* v. *Weber* (285 N. Y. 348), and the cases stemming therefrom which hold that in the absence of a valid labor dispute section 876-a of the Civil Practice Act is no bar to restraining tortious conduct of labor unions and their members. Overlooked, apparently, is the concomitant proposition that the remedy for such illegality is that provided for in the violated statute. This would bring plaintiffs without the jurisdiction of the State court.

Defendants with equal skill urge that, giving the Eighteenth paragraph of the complaint its reasonable intendment, the allegations thereof show violations of both the Lea Act (*supra*) and the National Labor Relations Act (U. S. Code, tit. 29, § 158, subd. [b], par. [6]) and that plaintiffs therefore can have no relief in this court.

I hold with the latter view. Where plaintiffs' grievance falls within the purview of the National Labor Relations Act, relief may be had only before the National Labor Relations Board (*Garner* v. *Teamsters Union,* 346 U. S. 485). The prohibition of the Lea Act and the National Labor Relations Act with respect

to services not to be performed or not performed is substantially the same. The distinction between services not performed or not to be performed and services not needed is specious.

The result connoted in either instance is the same. Services not needed and services not performed for which payment is exacted both come within the purview of the Federal statutes and are among the primary objects for which the remedies of the statutes were provided. The plaintiffs are confined exclusively to such remedies.

Further it is held that plaintiffs have failed to show that no dispute exists. The situation differs from *Opera On Tour* v. *Weber (supra)*; there the defendants had never been employed, at bar they have been; indeed it is the termination of this very employment which brought about the actions plaintiffs would restrain. The similarity of the situation in this regard with respect of that in *Crosley Broadcasting Corp.* v. *McCann* (26 Labor Relations Report Manual, 2657) is most clear. The holding that a labor dispute existed in that case is in nowise distinguishable on the ground that the Lea Act was not cited to Mr. Justice STEUER. Assuming, *arguendo,* that this act was not in the contemplation of the court in that case, it would not change the reasoning with respect to the existence of a labor dispute but solely with respect to the jurisdictional point.

In the absence of allegations required by section 876-a, the complaint is held to be defective and not requiring any hearing such as is contemplated by that act. In any event there is no intimation of any unruly conduct on the part of defendants' pickets which would require injunctive relief.

The matter involved here is of great interest not alone to the broadcasting industry and to musicians but also involves the public to whom all, whether as employers, management and employees, are catering for interest in their product and also for financial return. In addition public education, culture and entertainment are matters which should receive the solicitous concern and consideration of all the parties to this litigation as well as those outside who are watchfully awaiting the outcome hereof. Negotiations in a mutually tolerant and sensible and co-operative attitude for a reasonable relationship between the parties clearly seem to be the only proper solution.