Felix J. Aulisi, J.
In this action for a permanent injunction the plaintiff moves for a temporary injunction to restrain picketing by the defendant union.
Plaintiff, a New York corporation, is engaged in the ready-mix concrete business, and in the operation of its batch plant and delivery of concrete to construction sites, employs four men. All four of the employees are members of Local 648, International Brotherhood of Teamsters, Warehousemen and Helpers of America (AFL-CIO). One of said employees is also a member of the defendant union.
On January 22, 1957, plaintiff entered into a two-year collective bargaining agreement with Local 648 under which it became the exclusive representative of plaintiff’s said employees. There is no dispute between the plaintiff and any of its employees who are not only satisfied with their employment *906 but do not want the defendant union to represent them, and further object to plaintiff dealing with defendant union in any matter affecting their work.
During the month of April, 1957, the defendant, Daniel J. MeGfraw, on behalf of the defendant union, approached plaintiff’s president and requested that plaintiff hire members of defendant union to operate plaintiff’s conveyor and batch bin at its plant and recognize the defendant union as their representative. This request was refused and the defendant union started picketing plaintiff.
It is contended by the plaintiff that the picketing is to compel it to hire members of the defendant union and to recognize said union as collective bargaining agent of plaintiff’s workers; that there is no existing labor dispute and that the picketing should be enjoined.
The defendant union argues that the picketing is in pursuit of organizational purposes; that it represents one of the plaintiff’s employees who is doing work other than that in the classifications of the January 22, 1957, contract; that such picketing has a lawful objective and constitutes a labor dispute within the meaning of section 876-a of the Civil Praeticé Act and further that the jurisdiction of the subject matter of this proceeding lies exclusively within the National Labor Relations Board and that this court is without power to grant the relief sought.
The status of Local 648 as a labor organization is not challenged nor is the validity of plaintiff’s collective bargaining agreement with said Local.
It is my belief that the defendant’s contention cannot be upheld.
Where picketing sought to be enjoined is designed to further an unlawful labor objective, the controversy giving rise to the picketing is not a labor dispute within the contemplation of section 876-a of the Civil Practice Act, and picketing of that character may be enjoined, even though peaceful (Wood v. O’Grady, 307 N. Y. 532, reargument denied 308 N. Y. 859, cert, denied 349 U. S. 939; Goodwins, Inc. v. Hagedorn, 303 N. Y. 300, reargument denied 303 N. Y. 673). Nor is such picketing constitutionally protected as free speech (Hughes v. Superior Court, 339 U. S. 460; Wood v. O’Grady, supra).
Picketing which is designed to compel or attempts to force the breach of a collective bargaining agreement is picketing for an unlawful objective (Euclid Candy Co. v. Suma, 174 Misc. 19, affd. without opinion 259 App. Div. 1081; Alvon Restaurant v. Siegal, 17 N. Y. L. J., April 9, 1957, p. 6, col. 4; Gem Metal *907 Specialties v. Local 810, 6 Misc 2d 768). So is picketing to compel the hiring of personnel deemed unnecessary (Opera on Tour v. Weber, 285 N. Y. 348, reargument denied 286 N. Y. 565, cert, denied 314 U. S. 615; General Teleradio v. Manuti, 205 Misc. 655).
A consideration of the pleadings and authorities submitted leads me to the conclusion that the acts of the defendant union are in pursuit of an unlawful objective; that there is no existing labor dispute within the meaning of section 876-a of the Civil Practice Act, and that the plaintiff’s motion for a temporary injunction should be granted.
On the question of this court not having jurisdiction, it is my opinion that in the absence of proof that the plaintiff is engaged in business affecting interstate commerce the conduct of the defendant union cannot constitute an unfair labor practice under the National Labor Management Relations Act and, therefore, I do not believe that this court has been pre-empted of jurisdiction (Goodwins, Inc. v. Hagedorn, supra; Baylis v. Quinnonez, 286 App. Div. 1030, motion for leave to appeal denied 286 App. Div. 1104).
The motion is therefore granted and an order may be submitted accordingly with the condition, however, that the temporary injunction shall terminate on December 1, 1957, unless the plaintiff is ready to proceed to trial at the opening of the November 4,1957, Trial Term in Clinton County at a time fixed by the Justice Presiding at such Trial Term.