Louis B. Heller, J.
In this action for an injunction, the defendants have moved for an order dismissing the complaint or, in the alternative, to compel plaintiff to execute a stipulation of discontinuance. The motion is predicated upon a claim that after commencement of the action a written settlement agreement was entered into between the parties which, in addition to recognizing the defendant union as the collective bargaining agent for plaintiff’s employees, provided, inter alia, for a withdrawal of the instant action.
The affidavit of plaintiff’s attorney, submitted in opposition to the motion, asserts that employees of the plaintiff have filed with the National Labor Relations Board charges that the defendant union has violated the employees’ rights and has engaged in an unfair labor practice in seeking to negotiate a collective bargaining agreement without representing a majority of the employees; and it is further asserted in said affidavit that any agreement which has been reached between the plaintiff and the defendant union is illegal and unenforcible as being in violation of the State Labor Law and of the National Labor Relations Act (New York State Labor Relations Act; Labor Law, art. 20, §§ 700-716; National Labor-Management Rela *961 tions Act 1947; U. S. Code, tit. 29, § 141 et seq., as amd.) because the union does not represent a majority of plaintiff’s employees.
These assertions, involving the validity of the agreement in question, as respects representation, serve to raise an issue as to the jurisdiction of this court to proceed in the premises (Spartan Coat, Apron, Towel & Linen Supply Co. v. Simon, 7 A D 2d 740, affd. 6 N Y 2d 829; Dempsey v. Great Atlantic & Pacific Tea Co., 11 A D 2d 419; Matter of Klein v. Styl-Rite Optics, 8 A D 2d 811). Where it is arguable whether the activities forming the subject matter of a labor dispute are within the compass of the National Labor Relations Board jurisdiction, determination of such question must be left in the first instance to that board (Dooley v. Anton, 8 N Y 2d 91; Dempsey v. Great Atlantic & Pacific Tea Co., supra).
However, it is the opinion of the court in the instant case that the facts relative to, and in support of, the assertion that charges have been filed with the National Labor Relations Board have not been sufficiently déveloped to permit this court to determine whether the situation here involved presents an arguable or doubtful question of jurisdiction so as to preclude it from assuming jurisdiction.
In view of the foregoing, the determination of the instant motion is held in abeyance pending service upon defendants and submission to the court, within five days following publication of this disposition in the New York Law Journal, of one or more supplemental affidavits disclosing such facts as will serve to show that the instant dispute falls within the area pre-empted by Federal law so as to oust the State courts of jurisdiction. Defendants shall have five days following service upon them of a copy of the plaintiff’s papers within which to serve and to submit to the court any reply affidavit or affidavits as may be deemed advisable.