Louis B. Heller, J.
In this injunction action to restrain picketing, defendants have moved to dismiss the complaint or, in the alternative, to compel plaintiff to execute a stipulation of discontinuance of the action. The motion, as this court has previously had occasion to note, is predicated upon a claim that subsequent to commencement of the instant action the parties entered into a written settlement agreement which, in addition to recognizing the defendant union as the collective bargaining agent for plaintiff’s employees, provided, inter alia for a withdrawal of all lawsuits.
*963 This court, by interim decision (31 Misc 2d 960), held in abeyance a determination of the merits of the present motion pending submission by the parties of additional facts relative to the filing of certain unfair labor practice charges with the National Labor Relations Board, as referred to in the affidavit of plaintiff’s attorney submitted in opposition to the motion. The further information, as to the nature and status of the aforementioned proceedings before the National Labor Relations Board, was sought by the court with a view of ascertaining whether in any aspect of the case before it the court was preempted of jurisdiction by virtue of the primary exclusive jurisdiction reserved to the National Labor Relations Board under Federal law.
The undisputed additional facts which have since been furnished to the court, as requested, disclose the following: (1) that the charges filed with the National Labor Relations Board by certain employees of the plaintiff involved a claim that the collective bargaining agreement which is the subject of the instant dispute was entered into by the employer (plaintiff herein) with a union (defendant union herein) that did not represent a majority of the employees in the appropriate unit and (2) that the board found as the result of investigation that there was insufficient evidence of any violation of the National Labor Relations Act, and refused to issue a complaint in the matter.
In connection with the foregoing, the court notes that a presumption of validity and legality attaches to a collective bargaining agreement (Matter of Levinsohn Corp. [Joint Bd. of Cloak, Suit, Skirt & Reefer Makers’ Union], 299 N. Y. 454). A union is not required to show that the National Labor Relations Board has previously established the appropriate collective bargaining unit and that the union is the majority representative therein; and, unless and until the National Labor Relations Board invalidates a collective bargaining agreement, the normal presumption of legality must prevail (Matter of Levinsohn, supra).
It must be noted, moreover, on the question of jurisdiction, that the mere filing of unfair labor practice charges with the National Labor Relations Board, involving the parties to an action in the State court, does not in and of itself operate to prevent an exercise of jurisdiction by the State court (Joe’s Temple Bar v. Dallas, 196 N. Y. S. 2d 26, 31, 32 and cases there cited); there can be no pre-emption of jurisdiction in favor of the National Labor Relations Board absent some showing that the matters before the board come within the jurisdictional competence of that body. Thus, it is held that a State court is *964 not pre-empted of jurisdiction in the absence of some proof that the charges of unfair labor practice pending before the National Labor Relations Board involve an activity affecting interstate commerce (Plattsburgh Ready-Mix Concrete Co. v. Wright, 7 Misc 2d 905; Mott v. Delehanty, 133 N. Y. S. 2d 781). Finally, the court considers the refusal of the board in the instant situation to issue a complaint to be a factor of some significance in determining this court’s jurisdiction to proceed (cf. Matter of Dalcro Corp., 30 Misc 2d 456).
In light of all of the foregoing and under all of the circumstances herein involved, the court concludes that it is free to exercise jurisdiction in the present dispute.
Turning next to a consideration of the instant motion upon the merits, the court is of the opinion for the reasons herein-below assigned that the defendants are entitled to the alternative relief sought on their motion. There is no dispute that the written agreement of settlement (defendants’ Exhibit A annexed to moving papers) was signed by the plaintiff and the defendant union as parties thereto on or about June 8,1961, approximately one week after commencement of the instant action.
By the terms of the agreement the defendant union was to be recognized as the collective bargaining agent of plaintiff’s employees, and wage scales were established. The agreement provided further, that ‘ ‘ all law suits against either party shall be withdrawn ”, and that “ Pickets will be withdrawn on June 9th, 1961.” It also appears to be undisputed that the defendant union withdrew its pickets as provided in the agreement but that plaintiff has failed and refused to sign a stipulation of discontinuance of its present action in compliance with the terms of the agreement calling for withdrawal of all lawsuits.
Plaintiff’s opposition to the present motion resolves itself into an attack upon the validity and enforcibility of the agreement and rests on two grounds. The first ground of attack is that the agreement, insofar as it purports to be a collective bargaining agreement, is violative of the State Labor Law and of the National Labor Relations Act as amended, in that the defendant union does not represent a majority of plaintiff’s employees in the appropriate unit. The second ground of objection is that the agreement is, as to certain essential provisions, an agreement merely to agree in the future, and hence is unenforcible.
Neither of the foregoing objections is well taken. The first of said objections does not avail plaintiff in view of the presumption, which has not been overcome in appropriate proceed *965 ings, respecting the validity of the subject agreement considered as a collective bargaining agreement (Matter of Levinsohn Corp. [Joint Board of Cloak, Suit, Skirt & Reefer Makers’ Union], 299 N. Y. 454, supra, and accompanying discussion).
In support of the contention that the agreement is, as to vital elements, merely an agreement to agree and that it is indefinite specific reference is made by plaintiff to the following provisions of the agreement: Item 6 which provides that ‘ ‘ Basic Crew shall be mutually agreed upon between both parties ”; Item 9 which states that the arbitration clause shall be that which is “usual in Labor Management Agreements and, Item 10 which states that “ This is merely a memorandum agreement. A regular formal agreement will be consummated.”
A statement that the parties contemplate the signing of a formal contract does not render a writing unenforcible. Moreover, as the Court of Appeals stated in May Metropolitan Corp. v. May Oil Burner Corp. (290 N. Y. 260, 264): “ A contract is not necessarily lacking in all effect merely because it expresses the idea that something is left to future agreement.” If it fairly appears to be the intention of the parties that the agreement is to take effect and to be binding in advance of, or notwithstanding the absence of, any mutually satisfactory agreement that may subsequently be reached as to those terms which are left open for future agreement, then the agreement is to be considered binding and enforcible in conformance with such intention of the parties (May Metropolitan Corp., supra).
The intention of the parties to the instant agreement clearly appears from the agreement to fall within the situation above described. This is manifest from the inclusion in the agreement of the provision that the picketing, which gave rise to the instant action, was to cease on June 9,1961. Obviously, it was the intention of the parties that compliance with this provision was to take place prior to the achievement of a mutually satisfactory agreement as to the “ Basic Crew ” to be employed by plaintiff. It must fairly be assumed that upon the cessation of picketing by the union, as provided in the agreement, plaintiff’s obligation to discontinue the instant action became fixed eo instante.
In any event the plaintiff, in seeking and in accepting the benefits derived from the defendant union’s compliance with the provision of the agreement calling for cessation of picketing, may not now be heard to question the validity of said agreement, at least insofar as it calls for “withdrawal” of the instant action (Svenska Taendsticks Fabrik Aktiebolaget v. Bankers Trust Co., 268 N. Y. 73, 81; Rothschild v. Title Guar. & Trust Co., 204 N. Y. 458, 464).
*966 In accordance with all of the foregoing this court, which has the power to grant summary relief on motion to compel performance of a valid stipulation made by the parties to the action (see Randall & Sons v. Garfield Worsted Mills, 178 App. Div. 196; Potter v. Rossiter, 109 App. Div. 737; Matter of Roeben, 53 N. Y. S. 2d 432, 434; Colla-Negri v. Colla-Negri, 8 Misc 2d 415, 416 and cases there cited), grants so much of the instant motion as seeks to compel plaintiff to execute a formal stipulation of discontinuance of this action.