WILSON-JACOBI, INC., Plaintiff, *v.* LOUIS GENUTH, Individually and as Secretary-Treasurer of Local 50, American Bakery & Confectionery Union of America, Defendant.

Supreme Court, Special Term, Nassau County, July 17, 1962.

*Bernstein, Weiss, Hammer & Parter* for plaintiff. *O'Dwyer & Bernstein* for defendant.

PAUL J. WIDLITZ, J. Motion for a temporary injunction restraining the defendant from publishing and distributing allegedly false and libelous handbills and circulars. Cross motion to dismiss the complaint on the ground that the court has no jurisdiction of the action.

The plaintiff is a Delaware corporation having its principal office and plant in Syosset, Long Island. Its business is the manufacturing, packaging and distribution of fancy quality bakery products. It markets the products through leased departments in various supermarkets. Among the supermarkets are Hill's Supermarkets, Inc., and Waldbaum, Inc. The plaintiff's employees are represented by the Bakery and Confectionery Workers International Union of America, Local 102, by virtue of an agreement made on February 1, 1962.

The defendant, Local 50, American Bakery and Confectionery Union of America, seeking to eliminate Local 102 as a competitive union in the field and asserting that the said Local 102 is lowering wages and standards in the industry, heretofore picketed the Hill's Supermarket. Charges were filed against it with the National Labor Relations Board, resulting in a stipulation dated June 12, 1962 whereby defendant agreed to refrain from picketing Hill's Supermarkets, Inc., or any other handler of plaintiff's products.

However, on the same date, according to the complaint, the defendant caused the distribution of handbills and circulars to customers of supermarkets retailing plaintiff's products. Attached to the complaint are copies of the handbills or circulars.

The defendant contends that the activity of which complaint is made is arguably within the jurisdiction of the National Labor Relations Board. It is now accepted that a matter "arguably" within the jurisdiction of the National Labor Relations Board should not be entertained by a State court (*Incres S. S. Co.* v. *International Mar. Workers Union,* 10 N Y 2d 218; *Dooley* v. *Anton,* 8 N Y 2d 91).

Although there are certain matters pending before the National Labor Relations Board between the parties to this action as to the activity complained of herein, it is plaintiff's contention that the National Labor Relations Board does not have jurisdiction. This assertion that the National Labor Relations Board does not have jurisdiction to restrain the distribution

of circulars addressed to the public is substantiated by past determinations of said administrative board, and, in fact, in the defendant's memorandum and on oral argument, the attorney for the defendant admitted that the National Labor Relations Board lacked jurisdiction in the matter of distribution of leaflets, the very activity complained of herein.

If the defendant believes in good faith that the policy pursued by the plaintiff is detrimental to the welfare of organized labor by lowering the wages and standards in the trade, it has the right and privilege to call the public's attention to such condition and "has the privilege of the pressure of notoriety and persuasion to bring its own policy to triumph," but, in doing this, he may not by tortious acts or through the instrument of libelous statements destroy a business, for in such event equity will intervene. "It intervenes in those cases where restraint becomes essential to the preservation of a business or of other property interests threatened with impairment by illegal combinations or by other tortious acts, the publication of the words being merely an instrument and incident." (*Nann* v. *Raimist*, 255 N. Y. 307, 317; *Wolf* v. *Gold*, 9 A D 2d 257.)

As to the two handbills complained of, one exhibit infers that a bullet hole in a car owned by a Local 50 officer was to be attributed to the "Macaroni Union." The second exhibit speaks of a "sweetheart contract" providing substandard working conditions and "the instrumentality in the commission of a crime." Both handbills stray from the specific and seem to exhibit a studied ingenuity in attempting to mislead the public by innuendo and suggestion, placing plaintiff's business in serious jeopardy.

Accordingly, an injunction pending trial is granted enjoining the defendant from distributing these handbills attached to the complaint in the vicinity of the supermarkets or other stores wherein plaintiff's products are sold. The restraint of this injunction is limited solely to the prohibition of the specific circulars annexed to the complaint and is not intended to prohibit the distribution of "proper" handbills. Bond $1,000.