William G. Easton, J.
This is a motion by the defendants for an order dismissing the complaint and/or granting summary judgment herein, and vacating an injunction pendente lite granted by order of Justice Maceen on the 25th day of September, 1962, on the grounds that the subject matter has been pre-empted by the National Labor Relations Board (hereinafter referred to as NLRB) and that this court is divested of jurisdiction.
The action was instituted by the plaintiff to enjoin allegedly unlawful picketing of the defendants upon the basis that the plaintiff’s business was being irreparably hurt thereby. Upon a previous motion for an injunction pendente lite heard by Justice Maceen, the defendants argued that the State court had no jurisdiction of the matter because the operations of the plaintiff were so integrated with two other corporations as to permit the NLRB to assume jurisdiction on the basis of the combined annual outflow and inflow of all three corporations. The court held, however — and the defendants upon argument of counsel have so admitted to this court — that there was no evidence upon which the court could determine that the matter was ‘ ‘ arguably subject” to the NLRB’s jurisdiction. Were it so “ arguably subject ”, then the State court admittedly would be forced to defer to a determination by the NLRB. (San Diego Unions v. Garmon, 359 U. S. 236 [1959]; Incres S.S. Co. v. International Mar. Workers Union, 10 N Y 2d 218 [1961].)
The only additional facts before this court in support of the defendants’ argument is that in response to an amended charge filed by the defendants with the NLRB, the original of which was brought to the attention of Justice Maceen, the NLRB has issued a complaint and scheduled a hearing. The question then is whether the issuance of a complaint by the NLRB and the scheduling of a hearing in and of itself is enough to compel the conclusion that the matter becomes 1 ‘ arguably subject ” to the jurisdiction of NLRB. Certainly, if the facts, already presented to Justice Maceen, are in substance the same, then his decision, from which no appeal was taken, must govern here. That decision is before the court and reveals the following: “ Defendants contend, however, that the operations of the plaintiff and Leon M. Hill Carting Co. are so integrated as to permit the National Labor Relations Board to assume jurisdiction on the basis of the combined annual outflow or inflow of both companies. * * * On the papers submitted on this motion, it appears at least prima facie that the plaintiff and the Leon M. Hill Carting Co. are not so integrated. While evidence may be produced at a trial indicating that such integration exists or that *625 it is reasonably arguable that it exists, from the meager record presented on this application, I am unable to make such a finding.” The reception of charges, the issuance of a complaint and the scheduling of a hearing are merely matters of procedure. These are not facts and do not present any further evidence than was formerly in front of Justice Maceen. The procedure of the NLRB as contained in section 102.15 of its rules and regulations (Code of Fed. Reg., tit. 29, § 102.15) provides as follows: “ After a charge has been filed, if it appears to the regional director that formal proceedings in respect thereto should be instituted, he shall issue and cause to be served upon all the other parties a formal complaint in the name of the Board stating the unfair labor practices and containing a notice of hearing before a trial examiner at a place therein fixed and at a time not less than 10 days after the service of the complaint.” The ultimate facts have not been documented nor shown to be true, and are in substantially the same form as when first presented to Justice Maceen, that is, allegations and conclusions of the defendants.
It would not be in the interests of public policy to summarily divest the State court of jurisdiction in a matter of this nature, where the facts upon which the question of jurisdiction rests, are not supported by proof. The defendants have not cited, nor has the court found any statute or case supporting the defendants’ contention that the mere issuance of a complaint by the NLRB, without more, transforms a matter not “ arguably subject ” thereto. In NYSLRB v. Buffalo Cadet Cleaners (42 LC 40 291 [Supreme Ct., Erie County, 1961]) cited by the defendants, the issue was whether the board had jurisdiction over particular unlawful conduct of the employers whose operations were unquestionably within the board’s jurisdiction. However, it appears here that the plaintiff employer, at least prima facie, is not within the NLRB’s jurisdiction. The State courts have the power to decide whether they have jurisdiction based upon the jurisdictional facts presented to them. They are not to presume that jurisdiction is pre-empted merely because the question is raised by a party to the dispute. (Park Inn Hotel v. Messing, 31 Misc 2d 961 [1962].) Simply to divest itself of jurisdiction upon such inconclusive evidence as here presented, might ultimately result in the use of such an argument in all cases of this nature to set aside an injunction otherwise properly obtained.
It is the opinion of this court in the instant case that the facts relative to, and in support of, the assertion that charges have been filed with the NLRB, have not been sufficiently developed to permit this court to determine whether the situation here involved presents an arguable or doubtful question of jurisdic *626 tion so as to preclude it from assuming jurisdiction. Indeed, there is a total absence of proof. Thus, it has been held that a State court is not pre-empted of jurisdiction in the absence of some proof that the charges of unfair labor practice pending before the NLRB involve an activity affecting interstate commerce. (Plattsburgh Ready-Mix Concrete Co. v. Wright, 7 Misc 2d 905 [1957]; Mott v. Delehanty, 133 N. Y. S. 2d 781 [1954].) The motion is denied.