Chables Lambíase, J.
This is a motion brought on by defendants “ for an order dismissing the complaint herein, and/or granting summary judgment to the defendants herein, and vacating the injunction pendante [sic] lite, herein, and for such other and further relief as to the Court may seem just and proper in the premises, together with the costs of this motion.” The above-entitled action was instituted by plaintiff to enjoin allegedly unlawful picketing of the defendants upon the basis that plaintiff’s business was being irreparably hurt thereby. *68 The answer interposed in this action includes an affirmative defense contesting the jurisdiction of this court on the basis of the pre-emption of the subject matter herein by the National Labor Relations Board, hereinafter referred to as the “ board
The question to be determined by us herein is stated in Incres S. S. Co. v. International Maritime Workers Union (10 N Y 2d 218, 223, revd. 372 U. S. 24, but not on the point for which we use it as authority) in the following quote therefrom: “The only real question for us is whether the NLRB or the New York courts have jurisdiction of this controversy or, putting it more accurately, whether there is such doubt as to the applicability of the Federal statute that under the San Diego Unions v. Garmon ‘ arguably subject ’ rule (359 U. S. 236, 245, supra) the State courts must yield to ‘ the exclusive primary competence ’ of the NLRB.” And in that connection it has been said that “ When an activity is arguably subject to § 7 or § 8 of the Act, the States as well as the federal courts must defer to the exclusive competence of the National Labor Relations Board if the danger of state interference with national policy is to be averted” (San Diego Unions v. Garmon, 359 U. S. 236, 245; and it may not be successfully contradicted that where there is an arguable question of jurisdiction, determination in the first instance must-be left to the National Labor Relations Board, and the State courts are not primary tribunals to adjudicate such issue. (Columbia Broadcasting System v. McDonough, 8 A D 2d 695, affd. 6 N Y 2d 962; Dooley v. Anton, 8 N Y 2d 91, citing San Diego Unions v. Garmon, supra.) Speaking on this subject in the Dooley v. Anton case (p. 96) the Court of Appeals says: “ In Garmon, the Supreme Court adopted the rule that any doubt must be resolved in favor of ‘ the exclusive primary competence of the Board ’, the ‘ governing consideration ’ being ‘ that to allow the States to control activities that are potentially subject to federal regulation involves too great a danger of conflict with national labor policy’ (359 U. S., at pp. 245-246).” With the foregoing* basic principles in mind, we proceed to the resolution of our problem.
Upon a previous motion by plaintiff for an injunction pendente lite heard by Justice Macicen of this court, the defendants argued that the Supreme Court of the State of New York had no jurisdiction of the subject matter of this action because the operations of the plaintiff were so integrated with two other corporations on the basis of the combined annual outflow and inflow of said corporations as to accomplish preemption thereof by the board. Upon that application Justice Macken, referring to the question of integration, stated that: *69 “ If such be the fact, jurisdiction of this dispute rests exclusively with the National Labor Relations Board (San Diego Unions v. Garmon, 359 U. S. 236; Dooley v. Anton, 8 N Y 2d 91.) * * * While evidence may be produced at a trial indicating that such integration exists or that it is reasonably arguable that it exists, from the meager record presented on this application I am unable to make such a finding. ’ ’ (Memorandum decision, p. 4.) Justice Maceen granted plaintiff’s application for an injunction pendente lite and jurisdiction was retained in this court. No appeal has been taken from the order entered on said decision. No provision for the posting of security by plaintiff was made, and no security, therefore, was posted in connection with the granting of the temporary injunction. This question of the failure to furnish such an undertaking has been raised before us on this application, but in view of our determination hereinafter set forth, it becomes academic and we, therefore, discuss it no further.
Thereafter a motion was made by defendants before Justice Easton of this court for an order dismissing the complaint herein and/or granting summary judgment, and vacating the injunction pendente lite granted by order of Justice Maceen on the grounds that the subject matter had been pre-empted by the board and that this court was divested of jurisdiction. Justice Easton, in deciding that application adversely to the defendants (37 Miscc 2d 624), states that the only additional facts adduced before him which had not been before Justice Maceen were that, in response to an amended charge filed by the defendants with the board — the fact of the filing of the original charge by defendant with the board having been brought to the attention of Justice Maceen — the board (1) had issued a complaint and (2) had scheduled a hearing thereon. Justice Easton sets forth in his decision that the question before him was whether the issuance of the complaint by the board and the scheduling of a hearing thereon, in and of itself, was enough to compel the conclusion that the matter became “ arguably subject ” to the jurisdiction of the board. He states (1) that if the facts already presented to Justice Maceen were in substance the same as those before him, the decision of Justice Maceen, from which no appeal was taken, was binding upon him; (2) that the receiving of charges by and the filing thereof with the board, the issuance of a complaint and the scheduling of a hearing were merely matters of procedure; (3) that they did not constitute any further or additional evidence than was before Justice Maceen ; and (4) that the matter before him was in substantially the same form as when first presented to Justice Maceen. He *70 then concludes as follows: 11 It is the opinion of this court in the instant case that the facts relative to, and in support of, the assertion that charges have been filed with the NLRB, have not been sufficiently developed to permit this court to determine whether the situation here involved presents an arguable or doubtful question of jurisdiction so as to preclude it from assuming jurisdiction. Indeed, there is a total absence of proof.” He denied the motion of the defendants, and the jurisdiction of the subject matter of this action was retained in this court. No appeal has been taken from the order entered on Justice Easton’s decision.
Subsequent to the motion before Justice Easton, plaintiff, along with Leon M. Hill Carting Co., Inc., and Hill Truck Rental, Inc., the two last-mentioned corporate entities being allegedly integrated with plaintiff within the meaning of the National Labor Relations Act, hereinafter referred to as the “ Act ”, filed answer with the board to the Regional Director’s complaint. The sole basis for finding board jurisdiction over plaintiff, McKee Storage, is to find its operations to be integrated with Leon M. Hill Carting Co., Inc., and Hill Truck Rental, Inc., as to constitute the three companies — each concededly engaged in commerce within the meaning of the appropriate provisions of the Act — to be a single employer for jurisdictional purposes. An additional triable issue, should such jurisdiction issue be resolved in favor of the board, is the employment status of some of the individuals performing services for the plaintiff at its warehouse; it being observed in passing that if it appears on final determination of the facts herein that McKee Storage has only one employee and that only one employee is involved, the board adheres to its position that the Act does not empower it to certify where only one employee is involved.
Unless additional facts, occurring since the denial of the previous motions, relative to and in support of defendants’ assertion that the board has pre-empted jurisdiction herein have been sufficiently adduced and developed before us upon which we may determine whether the situation involved presents an arguable or doubtful question of jurisdiction so as to preclude this court from assuming jurisdiction, the instant motion must also be denied for the aforesaid orders of Justice Maceen and of Justice Easton are now the law of the case and are binding upon us; and we may not review the same since we have no power to review the decision of a Justice of co-ordinate jurisdiction. Therefore, we have the question as to whether additional facts have indeed been sufficiently adduced and developed so as to compel the conclusion that the matter has become ‘ ‘ arguably *71 subject ” to the jurisdiction of the board thereby pre-empting jurisdiction by the board of the subject matter of this action.
It is plaintiff’s contention that no new relevant factors are present before us on this motion. More specifically, it is its position that the service of an answer to the board’s complaint and the hearing on the complaint before the board trial examiner, both occurring since the separate determinations by the aforesaid Justices of this court, are only procedural steps; and that the hearing itself is a step to determine whether the board may properly assert jurisdiction and is not actually an assertion thereof. In connection with this matter of the hearing, we see no merit to plaintiff’s contention that the use of evidence adduced upon said hearing, a transcript of which was made available to us and which we have read and considered in arriving at our conclusion herein, is not contemplated by subdivision 2 of rule 113 of the Rules of Civil Practice. No authority has been cited to us for the contention that the use of said transcript is contrary to subdivision 2 of rule 113 of the Rules of Civil Practice.
Defendants contend to the contrary. It is submitted by them that the hearing before the board trial examiner clearly presents a new and additional factual basis upon which a finding may be made that the integration of the three corporations is indeed a reasonably “arguable issue”. It is urged by defendants that the hearing involving the issue of jurisdiction as well as that of unfair labor practices, furnishes the facts as to said issues which compel the conclusion that they are “ arguably subject ” to the jurisdiction of the board, thereby preempting jurisdiction by the board of the subject matter of this action under the law as made by the decisions of the Supreme Court of the United States and of the Court of Appeals of this State.
It has been held that there can be no pre-emption of jurisdiction in favor of the National Labor Relations Board absent some showing that the matters before the board come within the jurisdictional competence of that body. (Park Inn Hotel v. Messing, 31 Misc 2d 961, 963.) It has also been held that the mere filing of unfair labor practice charges with the board involving the parties to an action in a State court, does not in and of itself operate to prevent an exercise of jurisdiction by the State court. (Joe’s Temple Bar v. Dallas, 196 N. Y. S. 2d 26, 31-32; see, also, Plattsburgh Ready-Mix Concrete Co. v. Wright, 7 Misc 2d 905; Mott v. Delehanty, 133 N. Y. S. 2d 781.) However, we do no violence to said principles, in our opinion, when we find and conclude that, upon the showing made herein, *72 it is arguable that the board would exercise jurisdiction in the dispute which is the subject matter of this action and as to which the injunction was granted and ordered.
Defendants’ motion must be and hereby is granted, and the injunction heretofore granted must be and hereby is vacated. We leave the matter of costs specifically open to be taken up upon the settlement, hereinafter provided for, of the order to be entered hereupon.