Jack Stakislaw, J.
Plaintiffs seek an injunction pendente lite restraining the defendant from picketing a construction site. Plaintiff Dans is general contractor at this site, and plaintiff G-ayal owns the property. W. T. Hickey Corp., not a party here, is the electrical subcontractor at this job. A collective bargaining agreement exists between Hickey and a union not affiliated with defendant.
On August 5, 1963 a picket appeared at this location carrying a sign which read: “ The electricians on this job are not working under wages and conditions established by Local #25 I. B. E. W. (deft.).” Shortly thereafter, trucks, carpenters and other workers all refused to cross this picket line and work was almost completely halted. Hickey filed two charges of unfair labor practices with the National Labor Relations Board on August 8 which are now being investigated. On the 9th an order was signed staying the picketing of plaintiff’s job site until the further order of the court.
Defendant moved to dismiss this complaint on the grounds that plaintiffs ’ papers fail to properly designate the defendant, that plaintiffs have not complied with section 876-a of the Civil Practice Act, and that Federal law has pre-empted State judicial action in cases involving acts within the purview of the National Labor Relations Act.
Plaintiffs argue that neither of them in their business activities affect interstate commerce for purposes of N. L. R. A. jurisdiction. Hickey is in such commerce, and its filing of charges confirms this fact. However, plaintiffs allege their lack of privity to any disagreement between Hickey and defendant and therefore ask to be relieved of its consequences here.
The Supreme Court of the United States in San Diego Unions v. Garmon (359 U. S. 236, 245), resolved that activities “ arguably subject ” to N. L. R. B. jurisdiction must be left to that agency’s competence and not otherwise adjudicated by Federal *458 or State courts. The use of the vague “ arguably” approach manifests an intent to blanket the area of disputed labor activities within the authority of the N. L. R. B. The New York Court of Appeals followed this approach in Dooley v. Anton (8 N Y 2d 91). The defendant’s acts here complained of fall into the area of controversy “ arguably subject ” to N. L. R. B. jurisdiction. (General Advertisers Serv., 16 A D 2d 552.) This is not a case involving no arguable board control or a tortious interference with business which a State may take action upon. (Wilson-Jacobi v. Genuth, 35 Misc 2d 596; Kominski v. Western Express Co., 37 Misc 2d 992.)
Although the board’s assumption of jurisdiction over a particular dispute in and of itself does not compel this court to blindly deny its own jurisdiction (McKee Stor. Warehouse Corp. v. Moyer, 37 Misc 2d 623) it is patent that the shuffling of plaintiffs to bring here two parties apparently not in interstate commerce cannot obviate the clear dictates of pre-emption in this field. This dispute is arguably subject to the N. L. R. B., and these two complainants cannot split the nature of the dispute into local and Federal parts.
Plaintiffs now ask to withdraw their motion and discontinue the action. They shall be permitted to do so without prejudice. The issues raised and discussed above, although of great importance, have been rendered moot and merely represent a guide to these parties in future dealings they have advised the court may hereafter arise between them. The stay is vacated.